O’Neall, J.
For all the purposes of these cases, it would be enough to say that as the objections to the jury, now urged for a new trial, were not taken on the Circuit Court, they cannot avail the defendants here.
But as they present two questions arising out of the jury law, which we supposed to have been settled long ago, but which we find are still supposed to be open for discussion, we shall take occasion to express our opinion upon them.
1. The act of 1799 (1 Brev. Dig. Tit. 106, sec. 49, p. 455,) provides “That at the first holding of the said several district Courts established by the act hereby to be amended, and once at least in every three years thereafter, it shall and may be lawful for one or more of the associate judges of this State for the time being, and they are hereby directed and required, to cause new jury lists to be made from the tax returns of such districts for the preceding year, which tax returns the sheriff of each district shall procure from the tax collector thereof, who is hereby required without delay to deliver the same to such sheriff, and the judge or judges attending at such court shall cause to be therefrom transcribed the names of such persons who are entitled by the Constitution of this State to vote for members of the. State. Legislature, and shall put their .names in the manner prescribed by law, in the division of the jury box numbered one.”
This is purely directory to public officers in the discharge of their duty ; if they fail to discharge it, and the jury is drawn from the old list, it does not vitiate the array; nor is it any objection to the polls. The jurors are still boni et legales homines. 2 Hawk. P. C. book 2, ch. 43 sec. 14. The party is not prejudiced, if the jury for his trial are from the vicinage, the district where the offence is committed, and have all the other legal qualifications. It will be observed that the act does not declare a venire issued for jurors drawn from the old list to be void ; nor does it direct the array to be quashed. It was not intended to secure any right, benefit or privilege to the defendant; it was merely to regulate the drawing of the jury in such a way as to divide the duty of serving ‘upon the jury among the inhabitants of a district. In the year 1814 the presiding judge on the Southern Circuit, because new jury lists had not been made out in three years, sot aside the venire and quashed the array of the jury in every district. The subject *381 was mooted (as I have heard) in the Constitutional Court, and all the other judges concurred that the failure to make out new lists did not vitiate the venire or the array. Since that time it has been regarded as a point settled.
Perry, for the motion.
Thompson, Sol. contra.
2. The act of 1799 fixed the qualification of a jury man, by referring to his qualification as a voter under the Constitution asit then stood. The 4th sec. of the 1st Article describes the qualifications of a voter to be a “free white man of the age of twenty one years, being a citizen of this State, and having resided therein two years previous to the day of election, and who hath a freehold of fifty acres, of land or a town lot of which he hath been legally seized and possessed at least six months before such electionor not having such freeholder town lot, hath been a resident in the election district in which he offers to. give his vote six months before the said election, and hath paid a tax the preceding year of three shillings sterling {awards the support of this government,”
The only question made by the second ground is, that some of the jurors were not freeholders. Under the plain words of the Constitution it was not necessary that they should be ; the tax of 3 s. sterling is in lieu of the freehold qualification.
But if there had been any foundation for the objection in fact, it was cause of challenge to the polls, and not to the array. The motion for new trials are dismissed.
Johnson & Harper, Js. concurred.